IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MIDWEST WIRELESS LLC., <br> a Nebraska Limited Liability Company, | ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) | 8:06CV647 |
| vs. | ) <br> ) | ORDER |
| TESSCO TECHNOLOGIES INC., <br> a Delaware Corporation, | ) <br> ) <br> ) | |
| Defendant. | ) | |

This matter is before the court on the plaintiff's request for place of trial (Filing No. 6). The plaintiff filed an affidavit in support of their request for trial to be held in North Platte, Nebraska. **See** Filing No. 7. The defendant filed a brief (Filing No. 11), an index of evidence (Filing No. 13) and an affidavit (Filing No. 10) in opposition to the plaintiff's request. In reply, the plaintiff filed a brief (Filing No. 16), an index of evidence (Filing No. 17) and affidavit (Filing No. 15).

**BACKGROUND**

According to the allegations in the complaint, the plaintiff and the defendant entered into an oral agreement to provide goods and services for wireless internet service in Cherry County, Nebraska. **See** Filing No. 1, Exhibit A. The plaintiff alleges that due to the failure of the defendant to comply with the terms of the agreement the plaintiff lost its customer base and was forced to close its operations. *Id.* The plaintiff is a limited liability company with its principal place of business in Valentine, Cherry County, Nebraska. *Id.* The defendant is a Delaware corporation with its principal place of business in Maryland. **See** Filing No. 1 ¶ 5. The attorneys who have made appearances for the plaintiff and the defendant have offices in North Platte, Nebraska, and Omaha, Nebraska, respectively.

This action was initially filed by the plaintiff in the District Court of Cherry County, Nebraska. **See** Filing No. 1, Exhibit A. On October 10, 2006, when the matter was removed, the defendant requested trial take place in Omaha, Nebraska. **See** Filing No. 1

¶ 10. On October 20, 2006, the plaintiff made its request for trial in North Platte. **See** Filing No. 6.

## ANALYSIS

The relevant local rule, NECivR 40.1(b) provides:

> The plaintiff at the time of filing a complaint in a civil action or the removing party at the time of filing a petition for removal shall make written request for trial of the case at Omaha, Lincoln, or North Platte. Each defendant or third-party defendant at the time of filing that defendant's first pleading in a civil action, or the plaintiff in a removed action within ten (10) days after service of the notice of removal, may file a written Nebraska Civil Rules request for trial at Omaha, Lincoln, or North Platte. If the request is for a place different from that requested by the plaintiff, third-party plaintiff, or removing party, it must be accompanied by a supporting affidavit.

In deciding the place of trial "the judge shall give consideration to the convenience of litigants, witnesses and counsel." NECivR 40.1(b)(2). Such consideration involves weighing the interests similar to that performed by a court in consideration of a motion for change of venue pursuant to 28 U.S.C. § 1404(a), which provides for transfers from one district to another or from one division within a district to another. **See** 28 U.S.C. § 1404(a). Section 1404(a) provides that the convenience of the parties and of witnesses, as well as the interest of justice, must be considered in transferring a case to another district. ***Id.*** Under section 1404(a), the convenience of litigants and witnesses are generally considered to be the most critical factors, while the convenience of counsel, though a factor to be considered, is seldom of controlling weight. ***Standard Office Sys. v. Ricoh Corp.***, 742 F. Supp. 534, 537 (W.D. Ark. 1990). The court's local rules contain no provision similar to the provision contained in section 1404(a) regarding consideration of the "interest of justice." **Compare** 28 U.S.C. § 1404(a) (requiring courts to consider convenience of witnesses and parties along with the "interest of justice"), **with** NECivR 40.1(b)(2) (instructing judges to consider the convenience of the parties, witnesses, and counsel).

The party seeking to change the place of trial within this district bears the burden of establishing that the transfer should be granted. **See** NECivR 40.1(b); **compare** *Terra*

*Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 695 (8th Cir. 1997) (movant bears burden under section 1404(a)). The plaintiff's choice of forum is given great weight and should not be disturbed unless the movant makes a clear showing that the balance of interests weighs in favor of the movant. *BASF Corp. v. Symington*, 50 F.3d 555, 557 (8th Cir. 1994); *Gen. Comm. of Adjustment v. Burlington N.R.R.*, 895 F. Supp. 249, 252 (E.D. Mo. 1995). A transfer should not be granted if the effect is to merely shift the inconvenience from one party to the other. *Nelson*, 747 F. Supp. at 535 (**citing** *Van Dusen v. Barrack*, 376 U.S. 612, 646 (1964)); *General Comm.*, 895 F. Supp. at 252; **see also** *Ferens v. John Deere Co.*, 494 U.S. 516, 522-23 (1990).

The plaintiff states the primary witnesses on behalf of the plaintiff are residents of Valentine, Cherry County, Nebraska, including members of the Chamber of Commerce of Valentine, and other potential customers of the wireless service. **See** Filing No. 7 ¶ 3. The plaintiff contends any potential expert witnesses could easily travel to North Platte, Nebraska. The plaintiff states Valentine is only 130 miles from North Platte. *Id.* ¶ 5. The plaintiff argues having trial in Omaha, Nebraska, which is approximately 300 miles from Valentine, Nebraska would significantly increase the cost of litigation for the plaintiff. *Id.* The plaintiff specifically notes the cost of staying in a hotel, for meals and parking is more expensive in Omaha, than in North Platte. *Id.* ¶ 6; Filing No. 15 ¶¶ 5-7. The plaintiff contends it would have at least eight witnesses from Valentine, compared to the defendant's two or three witnesses from outside the state. **See** Filing No. 15 ¶ 4.

The defendant argues trial would be more convenient in Omaha, Nebraska for its counsel and witnesses. Specifically, the defendant contends traveling to North Platte would be a hardship due to the number of non-party witnesses and due to expensive and circuitous commercial airline service to North Platte. The defendant states the equipment at issue in the contract was to be manufactured by Navini Networks, Inc. who is based in Richardson, Texas. **See** Filing No. 10 ¶ 2. The defendant also states there are current and former employees of the defendant and current and former employees of Navini Networks, Inc., who reside outside of Nebraska, who would likely be witnesses at trial. *Id.* ¶ 3. The defendant shows there are Omaha hotels with rates similar to those found in North Platte.

Further, the defendant shows air travel to North Platte takes more time and money than air travel to Omaha.  **See** Filing Nos. 10 and 11.

The convenience of the plaintiff, its counsel and the majority of witnesses, on the basis of the affidavits before the court, appears to favor North Platte.  The relative convenience of trial in North Platte outweighs the convenience to the defendant of having trial in Omaha.  After reviewing the materials submitted by the parties at this time, the court finds that, upon consideration of all factors pursuant to NECivR 40.1(b)(2), the place of trial should be North Platte, Nebraska.  Upon consideration,

**IT IS ORDERED:**

1. The plaintiff's request for place of trial in North Platte, Nebraska (Filing No. 6) is granted.

2. The Clerk of Court shall amend the docket in this matter to reflect the place of trial is North Platte, Nebraska.

DATED this 13th day of November, 2006.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge