FILED
US DISTRICT COURT
DISTRICT OF NEBRASKA

MAR 27 2007

OFFICE OF THE CLERK

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MIDWEST WIRELESS, LLC, a Nebraska Limited Liability Company,<br><br>    Plaintiff,<br><br>vs.<br><br>TESSCO TECHNOLOGIES INCORPORATED, a Delaware Corporation,<br><br>    Defendant. | Civil Docket No. 8:06-CV-647<br><br>**STIPULATED PROTECTIVE ORDER** |

The parties recognize that during the course of this litigation ("Litigation") they may be requested to produce or disclose certain documents, or to provide testimony containing confidential, proprietary, commercial and/or financial information. The parties wish to ensure that confidential or proprietary, commercial and/or financial information is appropriately protected during the course of these proceedings.

Accordingly, through their respective undersigned counsel, the parties have stipulated that the Court enter the following Protective Order.

**IT IS HEREBY STIPULATED THAT:**

1. This Order applies to all documents, information and discovery material containing confidential, proprietary, commercial and/or financial information including deposition, testimony, admissions and answers to interrogatories, given or taken in this action.

2. All information provided or produced by a party to this Litigation (the "Producing Party") which is identified with the word "Confidential" shall be treated as "Confidential Information." The Producing Party may identify any document(s) as Confidential Information by stamping such document(s) with the word "Confidential." A party may, at the time of the deposition, designate the entire testimony as "Confidential Information" in which case the other party shall treat the testimony as such for a period of thirty (30) days after receipt of the transcript. Within thirty (30) days of the receipt of the deposition transcript, the designating party shall identify that deposition testimony which is to be treated as Confidential Information by stamping only such pages of the transcript as are to be treated as Confidential Information and

serving the designated transcript on all parties. Pages not so stamped and served will not be treated as Confidential Information. Confidential Information shall be used by any party receiving such information only for the purpose of this Litigation.

3. Except upon order of the Court or with the prior written consent of the Producing Party, Confidential Information shall not be directly or indirectly disclosed to any person other than:

(a) Legal counsel representing the Defendant and legal counsel representing the Plaintiff, and members of their law firms, including any law clerk, paralegal, secretarial, or clerical staff who are employed by, retained by, or assisting such counsel;

(b) Court reporters who take and transcribe testimony, as well as necessary secretarial and clerical assistants;

(c) Those persons specially retained by attorneys in this litigation for trial (including consulting or testifying experts), who are not regular employees of a party to this litigation, and only if such persons need such confidential documents and agree in writing to be bound by the terms of this Order by signing a copy of Exhibit "A" attached hereto;

(d) A party, such party's in-house legal counsel, or an officer, director, or employee of a party deemed necessary by counsel to aid in the presentation, defense, or settlement of this action (or related litigation);

(e) A witness at any deposition or other proceeding in this action and their counsel;

(f) Any mediator retained by the parties in an effort to mediate and/or settle the claims in this action;

(g) Any insurance company that might provide coverage for all or any part of any judgment rendered in this action, as well as such insurance company's in-house legal counsel, or an officer, director, or employee of such insurance company deemed necessary by such insurance company to assist in the evaluation or settlement of this action.

4. The designation of "Confidential" upon any document pursuant to this Order shall not constitute a ruling upon any claim of privilege, nor a ruling that such document necessarily is entitled to the protection that may be accorded under the terms of this Order. If a party shall, at any time, conclude that a particular document or a portion thereof should not be treated as Confidential Information, it shall so notify all other parties. If the parties are unable to reach agreement regarding the status of the document and the protection to be afforded, the party

contesting the claim of confidentiality shall continue to treat the documents as originally designated according to the terms of this Order until that party has presented the matter to the Court and the Court rules upon the status to be afforded the document. In the event of a challenge to the Confidential treatment of a particular document, the party making the designation shall carry the burden of establishing that the document is entitled to protection under FRCP 26(c)(7) or other applicable law.

     5.    Any party may seek to introduce into evidence at trial, any document which has been designated as Confidential. The Producing Party may request the Court to maintain the confidentiality of such information at trial. Within thirty (30) days after receipt of written notice of the final disposition of this lawsuit, whether by judgment and exhaustion of all appeals or by voluntary dismissal, the Producing Party or its counsel shall withdraw all documents designated Confidential which have been filed or lodged with the Court in any manner. If such documents are not withdrawn by the Producing Party or its counsel within the time period stated above they will become part of the permanent public file of the proceedings or such documents may be destroyed.

     6.    Within thirty (30) days after receipt of written notice of the final disposition of this Litigation, whether by judgment and exhaustion of all appeals, or by voluntary dismissal, any party who has received documents designated Confidential shall either return all such documents to the Producing Party or provide to counsel for the Producing Party a written certification that all such documents have been destroyed.

     7.    Any waiver under this Protective Order must be made in writing or, if at a deposition or in Court, on the record. Any waiver, unless expressly made general, shall be deemed limited to the specified purposes of the request or proceeding involved, and shall not otherwise waive any of the protection provided by this Protective Order.

     8.    Nothing herein shall preclude a receiving party from using documents designated as "confidential" which:

     (a)    are or become available to the public other than through breach of this Order by the receiving party; or

     (b)    are or become otherwise lawfully available to the receiving party without restriction from a third party.

9. The terms and provisions of this Protective Order are subject to modification, extension or limitation as may be hereafter agreed upon by the parties in writing or by order of this Court.

10. Neither the approval of the form of this Protective Order or the execution of the Protective Order by the Court shall operate as an admission against or otherwise prejudice any contention of any party on any motion provided for herein or for any other purpose, nor shall it be interpreted as a waiver of any party's rights to seek modification from the Court of any or all provisions of this Protective Order.

11. In the event additional parties join or are joined in this action, they shall not have access to confidential information until the newly joined party, by its counsel, has executed and, at the request of any party, filed with the Court, its agreement to be fully bound by and comply with all terms of this Protective Order. This Protective Order shall also apply to documents or other information produced or provided in this case by any non-party which agrees in writing to be bound by and comply with all terms of this Protective Order.

DATED: March 27, 2007.

BY THE COURT

DATED this 26th day of March 2007.

| MIDWEST WIRELESS, LLC,<br>Plaintiff, | TESSCO TECHNOLOGIES<br>INCORPORATED, Defendant, |
|---|---|
| By: /s/ Larry R. Baumann<br>Larry R. Baumann (#10233)<br>Kelley, Scritsmier & Byrne, P.C.<br>221 West Second Street, Suite 100<br>P.O. Box 1669<br>North Platte, NE 69103-1669<br>(308) 532-7110 | By: /s/ Thomas O. Kelley<br>William F. Hargens (#16578)<br>Thomas O. Kelley (#22667)<br>McGrath North Mullin & Kratz, PC LLO<br>Suite 3700 First National Tower<br>1601 Dodge Street<br>Omaha, NE 68102<br>(402) 341-3070<br>(402) 341-0216 fax<br>whargens@mcgrathnorth.com<br>tokelley@mcgrathnorth.com |

EXHIBIT "A"

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MIDWEST WIRELESS, LLC, a Nebraska Limited Liability Company, | ) ) ) | Civil Docket No. 8:06-CV-647 |
| Plaintiff, | ) ) ) | **CERTIFICATE REGARDING CONFIDENTIALITY** |
| vs. | ) ) | |
| TESSCO TECHNOLOGIES INCORPORATED, a Delaware Corporation, | ) ) ) ) | |
| Defendant. | ) ) | |

I hereby certify that I have carefully read the Protective Order entered in the above-entitled case and I fully understand the terms of the Court Order. I recognize that I am bound by the terms of that Order, and agree to comply with those terms.

Execute this _____ day of _____, 200__, at _____.

_____
(Signature)

_____
PRINT NAME

Name: _____

Affiliation: _____

Business Affiliation: _____

Business Phone: _____

Home Address: _____
_____

Home Phone: _____